IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TONYELL T. TOLIVER, Trustee of TLR
Holding Company on behalf of TLR
Holding Company                                                    PLAINTIFF

v.                              No. 4:25-cv-996-DPM

ARKANSAS STATE POLICE, Troop D, in
its official capacity;  HUNTER HILL,
Trooper, in his individual and official
capacities;  SPENCER MORRIS, Sergeant,
in his individual and official capacities;
WHITE MOTORS CO., a private towing
contractor, in its corporate capacity;
ARKANSAS TOWING & RECOVERY
BOARD, in its official capacity;  PAUL
BURNETT, in his individual and official
capacities;  JONATHAN BURNETT, in his
individual and official capacities;
FORREST CITY DISTRICT COURT;
AMY B. HUDSON, Judge, in her official
capacity for prospective relief;  and
FORREST CITY DISTRICT
ATTORNEY'S OFFICE, in its official
capacity                                                          DEFENDANTS

ORDER

1.     The Court appreciates Toliver's notice of state court resolution.  She reports that her state criminal charges for driving on a suspended license ended in a "not guilty" disposition.  Her motion to

lift the administrative stay and reopen her federal claims, *Doc. 8*, is granted. The Court lifts the stay.

2. Toliver's motion for leave to amend her complaint, *Doc. 10*, is also granted. Fed. R. Civ. P. 15(a)(2). The Court directs the Clerk to docket her proposed amended complaint, *Doc. 10-1*. Toliver has narrowed her claims and the defendants. She abandons her claims against the Arkansas Towing & Recovery Board, Paul Burnett, Jonathan Burnett, the Forrest City District Court, Judge Amy B. Hudson, and the Forrest City District Attorney's Office. Those defendants are dismissed.

3. The Court must screen her amended complaint. 28 U.S.C. § 1915(e)(2). Toliver's claims arise from a traffic stop. Arkansas State Trooper Hunter Hill stopped Toliver for driving without a seat belt. His scan of her Louisiana driver's license indicated that it was suspended indefinitely. Trooper Hill cited Toliver for driving on a suspended license and not wearing a seat belt. He had her car towed and impounded. At trial, Toliver proved that her driver's license hadn't been suspended. The district court found her not guilty on that charge. *Doc. 10-1 at 8*. Toliver was, however, found guilty of driving without a seatbelt and fined. *Doc. 10-1 at 8*; Ark. Code Ann. § 27-37-702(a). She seeks damages, alleging that Trooper Hill unnecessarily escalated the initial stop and deprived her of her property and due process when he authorized the towing.

Toliver's claims fail as a matter of law. She was driving without a seatbelt. Trooper Hill therefore had probable cause to stop her. *Whren v. United States*, 517 U.S. 806, 810 (1996). He was then authorized to perform routine tasks, such as checking the validity of her driver's license. His check returned that her license was "suspended indefinitely." *Doc. 10-1 at 10.* Driving on a suspended license is unlawful. Ark. Code Ann. § 27-16-303. That Toliver later proved that her license wasn't suspended doesn't change what Trooper Hill knew during the stop. He reasonably relied on the information available to him. That information provided probable cause for continuing the detention and preventing her from driving her car. There's no doubt, of course, that Toliver lost the use of her vehicle, had her travel interrupted, was inconvenienced, and incurred resulting expenses. But the Trooper's actions based on what turned out to be mistaken information did not violate the Constitution.

Toliver's claims against the Arkansas State Police, ASP Sergeant Spencer Morris, and White Motors also fail to state claim. Toliver doesn't specify what any of them allegedly did wrong. Any claim against the State Police that overlaps with her claims against Trooper Hill also fails. The Court infers that White Motors stored the vehicle at Hill's direction. No independent wrongdoing is alleged.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

22 June 2026